GOLDNICK v. TOELBERG.

(Supreme Court, Appellate Term. February 3, 1899.)

1. BUILDING CONTRACTS—TIME OF PERFORMANCE—ALTERATIONS.
Agreed changes in the specifications of a builder's contract, not of such a nature as to render further time necessary, do not excuse failure to perform within the time contracted for.

2. SAME.
Where defendant contracted to finish a house by a certain time, delay is not excused by plaintiff's failure to furnish certain fixtures, defendant not having called for them until the day on which the contract was to be fully performed.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Emil Goldnick against Niels Toelberg, for breach of contract. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

· Heath & Stewart, for appellant.
De Witt C. Morrell, for respondent.

PER CURIAM. We think that there was no waiver by the plaintiff of the completion of the contract within the time limited, nor was

the defendant's failure to complete occasioned by any act or omission of the plaintiff. Indeed, the evidence clearly shows that on the 1st day of September, the date fixed for such completion, the house was not much more than half finished, owing to delays on the part of the defendant in no way attributable to the plaintiff. It is claimed that, because of some variation in the specifications agreed upon, the defendant was excused from a strict performance within the contract period. We do not think that this was the case. There was no agreement that the time should be extended, and the changes made were not of such a nature as to render further time necessary. It is also obvious that the delay was not caused by the changes in question. The contract provided that certain tiling, mantels, and gas fixtures that were to be furnished by the defendant were to be selected by the plaintiff, and it is claimed that, because no such selection was made before the 1st day of September, the plaintiff was not in a position to stand upon the time limit. It appears, however, from the postal card received by him from the defendant, that the request for such selection, so far as the mantels are concerned, was made on the 1st day of September, the very day upon which the contract was by its terms to be fully performed, and when plaintiff had refused to take the house, because it was not then completed. Furthermore, the defendant, in his letter of October 8th, advised the plaintiff that the house was then finished "up to the selection of mantels and tiles," thus indicating that such selection was not necessary until the building had advanced far beyond the stage in which it was on September 1st. In the correspondence which passed between the parties, no complaint is made by the defendant of any failure on the part of the plaintiff to make the selections above referred to, nor is the delay in the work in any way attributed by the former to any such cause. Indeed, a perusal of the letter above mentioned clearly shows that he, in effect, assumed all the responsibility for the delay.

We are satisfied that the failure to complete in time was not caused by any act of the plaintiff; that up to September 1st he had not failed in the performance of the contract on his part; that time was of the essence of the contract; and that there was such a breach on the part of the defendant as to support the recovery which was awarded in the court below. The judgment must therefore be affirmed.

Judgment affirmed, with costs.